UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. BUESKING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17CV91 DDN |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

On October 14, 2014, petitioner pled guilty to felony child molestation in the first degree. On December 19, 2014, petitioner was sentenced to a fifteen (15) year term of imprisonment, as may be designated by the Missouri Department of Corrections. However, petitioner was recommended to be placed for ninety (90) days in a sex offender treatment program, after which the Court stated it would consider petitioner for a term of 120 days of probation, dependent upon petitioner's behavior during his involvement in the sex offender treatment program. *See State v. Buesking*, No. 14SF-CR00229-01 (24th Judicial Circuit, St. Francois County Court). Petitioner did not file a direct appeal of his conviction or sentence.

A report was filed on March 30, 2015 in petitioner's criminal case, pursuant to Mo.Rev.Stat.§ 559.115, wherein the Court "determined it would be an abuse of discretion to

release [petitioner] and orders the execution of the sentence of 15 years." Petitioner filed a post-conviction motion to vacate his judgment, pursuant to Mo.Sup.Ct.Rule 24.035 on June 12, 2015. *See Buesking v. State*, No. 15SF-CC0120 (24th Judicial Circuit, St. Francois County Court). The motion was denied on December 18, 2015. *Id.* Petitioner filed an appeal of his motion for post-conviction relief on January 15, 2016. *See Buesking v. State of Missouri*, No. ED103891 (Mo.Ct.App.). The matter was affirmed on December 20, 2016. *Id.* The mandate was issued on January 12, 2017.

Petitioner placed his application for writ of habeas corpus in the prison mailing system on December 14, 2017. The Court filed the petition for writ of habeas corpus on December 18, 2017.

## Discussion

In his application for writ of habeas corpus, petitioner asserts that his trial attorney was ineffective for failing to inform him that the Judge would likely deny his 120-day probation upon the recommendation of his probation officer, and thereby cause him to serve the entirety of his fifteen year sentence. Petitioner also asserts that his plea was not knowing or voluntary because he believed that he would be placed on probation after the 120-day treatment program.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). In this case, petitioner's conviction became final **ten days after he was sentenced on December 19, 2014.**

Although petitioner may believe that his judgment was not final until he was denied probation after the Court Order on March 30, 2015, he is incorrect. Under Missouri law, he was given a suspended execution of sentence ("SES") when he was sentenced on December 19, 2014. An SES is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Thus, petitioner's statute of limitations began to run on December 29, 2014. Between December 29, 2014 and the date on which petitioner filed his motion to vacate his criminal conviction on June 12, 2015, one-hundred sixty-five (165) days elapsed from the limitations period.

The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from June 12, 2015 through January 12, 2017. *See Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of

3

the mandate). However, the limitations period began to run again between the time the mandate issued on January 12, 2017, and the time petitioner placed his petition for writ of habeas corpus in the prison mailing system, on December 14, 2017. Three-hundred thirty-six (336) days elapsed during this time period.

In all, petitioner filed his application for writ of habeas corpus one-hundred thirty-six (136) days too late. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 25th day of June, 2018.

                                               HENRY EDWARD AUTREY
                                               UNITED STATES DISTRICT JUDGE